RECEIVED
U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA
2006 MAR 30 AM 10: 51
CEDAR RAPIDS HDQTRS. OFFICE
BY_____

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

DANIEL ROBERT TISL, and SHIRLEY A. SKAAR,

Plaintiffs,

vs.

JOSHUA ADAM SLICK, CINDY L. SLICK a/k/a CINDY STEADMAN, and RICHARD SLICK,

Defendants.

No. C 04-174-EJM

ORDER

ADMINISTRATIVE COMMITTEE OF THE WAL-MART STORES, INC. ASSOCIATES HEALTH AND WELFARE PLAN,

Plaintiff,

vs.

GRINNELL MUTUAL REINSURANCE CO., DANIEL ROBERT TISL and SHIRLEY SKAAR,

Defendants.

No. C04-175 EJM

This matter is before the court on resisted cross motions for summary judgment filed by the Wal-Mart Stores Inc. Associates Health and Welfare Plan (Plan) on November 30, 2005, and by Daniel Tisl and Shirley Skaar on January 17, 2006. Plan's motion granted, Tisl's and Skaar's motion denied.

In C04-174, Daniel Tisl and Shirley Skaar initially filed an action in the Iowa District Court for Chickasaw County seeking damages from Joshua Slick, Cindy Slick a/k/a Cindy Steadman, and Richard Slick arising from injuries that Daniel Tisl

incurred in an accidental shooting at their home on December 2, 2000. On November 30, 2004, the state court entered an order noting that the matter was settled, and that a hearing was to be held to apportion a $300,000 settlement between the plaintiffs as well as to determine the subrogation rights of the Plan for sums paid for medical services Tisl, a Plan beneficiary, received resulting from the accidental shooting. On December 20, 2004, Wal-Mart removed the matter to this court.

As to C04 -175, on December 22, 2004, the Plan filed an action against Grinnell Mutual Reinsurance Corporation, and Daniel Tisl and his mother, Shirley Skaar, seeking recovery of sums paid by the Plan ($410,348.21) for medical services for Tisl's injuries in two counts captioned as follows: Count 1 - Constructive Trust and Other Equitable and Declaratory Relief to Enforce the Terms of the Plan under ERISA against Grinnell [29 USC §1132(a)(3)], and Count 2 - Breach of Fiduciary Duty against Defendants Tisl and Skaar [29 USC §1132(a)(2)].

The Plan is an employee benefit plan within the meaning of 29 USC §1002(1) of the Employee Retirement Income Security Act (ERISA). Daniel Tisl was a covered person and beneficiary of the Wal-Mart Plan through his mother, Shirley Skaar, a Plan participant. Defendant Grinnell Mutual, the liability insurer of the alleged tortfeasors in original state court action, agreed to pay the policy limit ($300,000) for the injuries sustained. Jurisdiction of this case was based upon 28 USC §1331 and 29 USC §1132.

On March 9, 2005, 04cv174 and 04cv175 were consolidated.

On April 21, 2005, in response to a Motion to Remand filed by Tisl and Skaar in C04-174, and a Motion for Preliminary Injunction filed by the Plan in C04-175, the court entered a preliminary injunction enjoining defendant Grinnell Mutual from disbursing the policy proceeds until further order of court, and reserved ruling on the motion to remand, directing the parties to address the question of whether the Plan was a defendant in C04-174 for purposes of removal. On May 5, 2005, Tisl and Skaar withdrew their Motion to Remand in C04-174 . The legal and factual issues in the two consolidated cases appear identical, and it further appears that no question exists as to whether C04-175 is properly before this court. Accordingly, any question as to whether C04-174 was properly removed appears moot.

The Plan now seeks summary judgment against Tisl, Skaar and Grinnell based upon the Plan language. See Ex. 6, attached to Plan's Motion for Summary Judgment (docket #14). In support, as to Count 1 and pursuant to 29 USC §1132(a)(3), the Plan urges that it is entitled to equitable relief including specific performance, mandamus, constructive trust, and equitable restitution to enforce the terms of the Plan, including enforcing the Plan's right to the settlement proceeds against defendant Grinnell. In Count 2, pursuant to 29 USC §1132(a)(2) the Plan seeks damages from Skaar and Tisl, asserting that the Plan's reimbursement and subrogation interests are Plan assets within the meaning of 29 USC §1002(21)(a)(I), that they are fiduciaries because of the control they exercise over those assets, and that they breached their fiduciary duties by failing to pay over the assets, and that their fiduciary obligation requires them to direct payment to the Plan.

In response and in support of their own motion, plaintiffs Tisl and Skaar assert that the settlement proceeds are not in their possession and therefore the relief sought by the Plan is contractual, thus not equitable, and therefore not properly brought pursuant to 29 USC §1132(a)(3). Tisl and Skaar further assert that Tisl, a minor at the time of the injury, is not bound by the Plan provisions as he was neither a Wal-Mart employee nor a Plan participant, nor did he sign an agreement with the Plan recognizing its recovery rights as against any third party (as did Shirley Skaar, Daniel's mother). Tisl and Skaar urge that they will not be unjustly enriched by retaining the settlement proceeds as Daniel Tisl has suffered catastrophic injuries, and has greater need for the settlement proceeds. Tisl and Skaar further urge that IC §249A.6 provides for recovery of Medicaid payments through the Iowa Department of Human Services, and therefore that the Iowa Department of Human Services may have an interest in the settlement proceeds. Finally, they assert they are not fiduciaries as they don't hold the proceeds, and in the present posture of this matter, the proceeds are not an asset of the Plan.

> Fed. R. Civ. P. 56(c) provides that summary judgment shall be entered if the "pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In deciding whether to grant a motion for summary judgment, the district court must view the evidence in favor of the party opposing the motion and give him the benefit of all reasonable inferences. Kegel v. Runnels, 793 F.2d 924, 926 (8th Cir. 1986). However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. Buford v. Tremayne, 747 F.2d 445, 447 (8th Cir. 1984). The opposing parties must resist the motion by setting forth specific facts showing that there is a genuine issue of material fact for trial. Id., (citing Fed. R.

Civ. P. 56(e) and Burst v. Adolph Coors Co., 650 F.2d 930, 932 (8th Cir. 1981)).

Green v. St. Louis Housing Authority, 911 F.2d 65, 68 (8th Cir. 1990).

It is undisputed that the Plan provides that

The Plan has the right to...recover or subrogate 100% of the benefits paid or to be paid by the Plan for covered persons to the extent of any and all of the following payments: ...any settlement or payment made or to be made because of an accident.... The Plan has first priority with respect to its right to reduction, reimbursement, and subrogation. This section ... applies to all persons covered by the Plan.... The Plan is not subject to any state law doctrines...which would purport to require the Plan to reduce its recovery by any portion of a covered person's attorney fees, expenses, or costs.

Beginning with the question of whether the relief sought in this matter is personal liability for money damages (a classic form of legal relief unauthorized by the ERISA, see Great West Life and Annuity Insurance Co. v. Knudson, 534 US 204 (2002)), or the equitable relief expressly authorized by 29 USC §1132(a)(3), in Count 1 the Plan is not attempting to hold Tisl and Skaar personally liable, but rather seeks specific and identifiable funds held by defendant Grinnell over which it claims Tisl and Skaar exercise control, which are clearly identifiable proceeds of the tort settlement. The requirements for a constructive trust are (1) particular money which is clearly traceable, (2) held by the defendant, and (3) which in good conscience, belongs to the defendant. Great West Life and Annuity Insurance Co. v. Knudson, 534 US 204, 213 (2002). The court is satisfied that the Plan's request for a constructive trust is a request for equitable relief under the above circumstances. Further, where, as here, the Plan seeks a specific fund of

$300,000 held by a named defendant, Grinnell disclaims interest in the fund, and absent enforcement of the Plan's subrogation interest, plaintiffs would receive the fund "in obvious derogation of the Plan's subrogation interest," see Mid Century Ins. Co. v. Menking, 327 FS2d 1049, 1056 (D. NEB.2003) (constructive trust appropriate where plaintiff entitled to settlement funds held in escrow), the court is satisfied that a constructive trust is appropriate. In light of the Plan provisions, Tisl and Skaar would be unjustly enriched if permitted to keep the funds.

Turning to Tisl's and Skaar's assertion that the court should consider Tisl's status as a minor at all relevant times, it is undisputed that Tisl was a covered person under the Plan, and received benefits in that capacity. It is undisputed that the Plan expressly provides for reimbursement or subrogation from any covered person. He is bound by those terms and conditions. As to Tisl's and Skaar's assertion regarding any potential claim by the Iowa Department of Human Services/Medicaid, that party, and therefore that issue, is not properly before the court in this action.

With regard to Count 2, on this record and under the posture of this action where claimed entitlement to the settlement was unresolved, the court is satisfied that Tisl and Skaar were not fiduciaries exercising authority or control respecting management or disposition of Plan assets within the meaning of the ERISA, and therefore Count 2 fails.

While the Plan sought attorney fees and costs, in this matter committed to the

court's discretion, see 29 USC §1132(g), the court declines to award fees and costs to the Plan, for reasons including but not limited to the absence of bad faith on the part of Tisl and Skaar, and their limited ability to pay. See Givens v. Wal-Mart Stores, Inc.Associates Health and Welfare Plan, 327 FS2d 1063, 1067. (D. Neb. 2004). Further, the court declines to award prejudgment interest. Id.

Upon the foregoing, the court concludes there is no disputed issue of material fact as to the requirements for constructive trust, and that the Plan is entitled to the fund held by Grinnell.

It is therefore

Ordered

Summary judgment in granted in favor of the Plan and against Tisl and Skaar in accordance with the text of this order. Grinnell is directed to pay over the settlement proceeds to the Plan.

March 30, 2006.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT